T.C. Summary Opinion 2004-34


UNITED STATES TAX COURT


LOUIS BONNER, JR. AND CELESTE BONNER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2421-02S.                    Filed March 18, 2004.


Louis Bonner, Jr. and Celeste Bonner, pro se.

Emile L. Hebert, III, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463[1] in effect at the time the petition was
filed.  The decision to be entered in this case is not reviewable
by any other court, and this opinion should not be cited as
authority.

---

[1]   Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $2,508 in petitioners' Federal income tax for 1999.

The sole issue for decision is whether Louis Bonner, Jr. (petitioner) received payments during 1999 that constitute gross income under section 61(a)(1) as compensation for services rendered.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are incorporated herein by reference. Petitioners, husband and wife, were residents of Shreveport, Louisiana, at the time the petition was filed.

Petitioner is a cabinet maker, building such things as kitchen cabinets, bookcases, and shelves. He has been engaged in this kind of work for approximately 30 years. Petitioner Celeste Bonner was employed by Century Telephone Co. during the year in question in the collections department. At trial, she was employed by Alltell Telephone Co.

Petitioners filed a joint Federal income tax return for 1999 on which they reported wage and salary income of $37,314, taxable interest income of $13, and taxable pension income of $755, all of which totaled $38,082. In their tax computation, petitioners included the 10-percent tax under section 72(t) for early distributions from a qualified plan in the amount of $76. Respondent determined that petitioners failed to include on their

return self-employment income earned by petitioner in his woodworking activity in addition to the wage and salary income he earned and correctly reported on the income tax return for 1999.

Petitioner contends that his sole employment during 1999 was with Bollinger Cabinet Co., and he only worked for that employer from late April through the remainder of 1999. He contends that he was not gainfully employed from January 1, 1999, until his employment with Bollinger Cabinet Co. beginning in late April 1999. A third-party payer, Jerry Brown, filed an information return with the Internal Revenue Service that reflected nonemployee compensation payments to petitioner of $8,946 during the year 1999. This income was not reported on petitioners' Federal income tax return for 1999; consequently, the notice of deficiency includes these payments as gross income and allows petitioners a deduction for one-half of the self-employment tax thereon. Sec. 164(f).

Petitioners deny that they received any income from Mr. Brown during 1999. Petitioner contends he was unemployed from January to late April 1999, when he commenced employment with Bollinger Cabinet Co. Petitioner, however, admitted that in years past, beginning in 1997 and in 1998, he performed cabinet work for Mr. Brown and his wife but denied that he performed any services for Mr. Brown during 1999 or received any compensation from Mr. Brown for past services. For the year 1998, Mr. Brown,

as a payer, had filed an information return with the Internal Revenue Service for payments of $25,980 to Mr. Bonner. Petitioners failed to include these payments as income on their 1998 Federal income tax return. A notice of deficiency was issued to them for that income, and they instituted an action in this Court challenging the proposed deficiency in docket No. 839-01S. At the trial of that case, petitioner denied receiving any money from Mr. Brown during 1998, and, only when petitioner was confronted with the canceled checks at trial, did he reluctantly concede that the payments had in fact been made. A decision was entered in favor of respondent, T.C. Summary Opinion 2001-170.

The case for petitioners' 1998 tax year is relevant to the current case because that case brings into focus petitioner's credibility on the issue before this Court as to whether similar payments were received from Mr. Brown during 1999. Section 7491 provides that the burden of proving facts relevant to a deficiency may shift to the Commissioner under section 7491 if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining a tax liability, provided the taxpayer has substantiated all items at issue and has generally maintained books and records with respect to the item at issue. Petitioner maintained no books and records of the income he earned during 1999, and the Court holds that section 7491 is not applicable in this case. Section 6201(d), however,

provides that, if the taxpayer in a court proceeding reasonably disputes income reported on an information return and fully cooperates with the Commissioner, the burden of producing reasonable and probative information in addition to the information return shifts to the Commissioner.  Although, as noted, petitioner vehemently denied receiving any payments from Mr. Brown during 1998 in the earlier case, at the trial of this case, petitioner took an entirely different position for the 1998 tax year, readily agreeing that he had received income payments from Mr. Brown during 1998, contrary to what he testified in the earlier case, but emphatically denying he had performed any services for Mr. Brown during 1999.  The evidence submitted by respondent overwhelms petitioner's testimony.  That evidence consists of records from Mr. Brown for 1999 that describe numerous jobs or projects for which Mr. Brown compensated petitioner for services rendered.  The documentary information also includes what purports to be the initials of petitioner with the dollar amounts paid for each project, the totals of which equal the amount reported on the information return filed with respondent.  In his testimony, petitioner acknowledged his familiarity with most of the projects identified on these documents, and, when questioned whether he had inscribed the initials "LB" on the documents, he testified: "I can't recall it."  Based on the preponderance of the evidence presented to the

Court, including the Court's view on the credibility of the testimony, the Court holds that petitioner did receive compensation payments from Mr. Brown during 1999, as reported by the third-party payer, and the requirements of section 6201(d) have been satisfied. Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>